UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FUJITA CORP., U.S.A., et al

          Plaintiffs,

vs.

WILLIAM WELLS, et al,

          Defendants..

No. CV-97-6059-JLQ

ORDER ON PRE-TRIAL MOTIONS

    A pre-trial conference and hearing on pending motions took place in Los Angeles on June 28 and 29, 2001. The Plaintiffs were represented by Harriett S. Posner, Steven A. Velkei, Cassandra Spurlock, and M. Cris Armenta. The Defendant Wells appeared in person and was represented, along with his related corporations, by attorneys Laurence Jackson, Adam D. H. Grant, and Sheila Bradley. The Defendant Kutsuna appeared in person and was represented by Michael S. Magnuson and Charles C. McKenna,

**JURY TRIAL**

    The Defendants have contended that the bifurcated issues to be heard in Phase I of the trial are equitable in nature and that therefore the issues should be tried without a jury. The Plaintiffs argue that the issues are legal in nature and that the Plaintiffs are entitled to a jury trial. For the reasons stated by this court on June 28, 2001, the court finds that the Plaintiffs are entitled to a jury trial on the issues to be presented in Phase I. Even assuming

ORDER - 1

that the breach of fiduciary claims are equitable in nature, those claims are combined with claims of fraud, violation of RICO, 18 U.S.C. § 1964(c), and a request for punitive damages. In determining whether there is a right to a jury trial on a particular claim in a federal court diversity action, federal law controls. As the United States Supreme Court held in *Simler v. Conner*, 372 U.S. 221, 222 (1963):

> [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions....In diversity cases, of course, the substantive dimension of the claim asserted finds it source in state law,... but the characterization of that state-created claim as either legal or equitable for purposes of whether a right to a jury trial is indicated must be made by recourse to federal law.

See also, *Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F. 3d 1023, 1026 (9th Cir. 1996).

> Under federal law construing the Seventh Amendment, the key in determining the right to a jury trial is whether the claims involved are legal or equitable. In making that determination, the Supreme Court uses the following two-step analysis: First, we compare the statutory action to 18th-century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy and determine whether it is legal or equitable in nature....The second inquiry is the more important in our analysis.

*Chauffeurs, Teamsters, and Helpers, Local 391 v. Terry*, 494 U.S. 558, 565 (1990). If the case consists of entirely equitable claims, then there is no right to a jury trial. If there are both equitable and legal issues involved, there are several safeguards which are designed to preserve the right to a jury on the legal questions.

When there are both legal and equitable claims involved, and the claims have common issues, a court cannot try the equitable claims first and then try any remaining legal issues to a jury. This is the direct holding of the Supreme Court in *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 510-511, (1959), in which the Court held that "only under the most imperative circumstances, circumstances, which ...we cannot anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." At a minimum, a trial of the equitable issues before the legal issues, would require a showing that trial of the legal issues first would cause irreparable harm and that the legal remedies

ORDER - 2

would be inadequate if tried after the equitable issues. See *id.* at 506-7. Such is the case even where the court determines that the legal issues are insignificant or incidental to the equitable issues in the case. See *Dairy Queen, Inc. v. Wood*, 369 U.S. 469-470 (1962).

Clearly the fraud and RICO claims are legal in nature. In addition, it would be inappropriate for this court to bifurcate the Plaintiff's claims in the interest of judicial economy and thereby deprive the Plaintiffs of their right to a jury trial. For these reasons, the court **DENIES** the Defendants' request that Phase I be tried only to the court.

## STATUTE OF LIMITATIONS ON FIDUCIARY CLAIMS

The court next addressed the conflicting claims of the parties as to the Statute of Limitations applicable to the Plaintiffs breach of fiduciary claims. The Defendants contend that either the two or three year Statute of Limitations applies. The Defendants claim that Cal. Civ. Proc. § 359 applies. This statute imposes a three-year statute of limitations on "actions against directors, shareholders, or members of a corporation, to recover a penalty or forfeiture imposed *or to enforce a liability created by law....*" (emphasis supplied). The question is whether a breach-of-fiduciary-duty action is "a liability created by law". As interpreted by the California Supreme Court in 1933, this phrase means a "liability which exists by virtue of an express statute [or the Constitution], and it does not extend to actions arising under the common law." *Coombes v. Getz*, 217 Cal. 320, 334, 18 P. 2d 939 (1939). In 1975, the California legislature codified the common-law doctrine in Cal. Corp. ¶ 309, which outlines the duties of directors of corporations. The existence of this statute raises the question of whether an action for a breach of duties outlined in § 309 constitutes a "liability created by law."

Two districts of the California Court of Appeal are split on the question and the California Supreme Court has not addressed the issue. In *Smith v. Superior Court*, 217 Cal. App. 3d 950, 953 (1990), the Fourth District of the California Court of Appeals held that "a breach of the statutory standard is 'a liability created by law' and thus is governed by the three-year limitations of section 359."

ORDER - 3

The Sixth District of the California Court of Appeals, on the other hand, has specifically declined to follow *Smith*. In *Briano v. Rubio*, 46 Cal. App. 4th 1167 (1996), the Sixth District was faced with a shareholder derivative suit brought by minority shareholders against a corporation's board of directors for alleged breaches of fiduciary duties. In considering which statute of limitations applied to the claims, the Sixth District Court noted the holding of the Fourth District in *Smith*, but stated:

> Careful analysis reveals that *Smith* misapplied the phrase "liability created by law." A cause of action is based upon a liability created by law only if it exists by virtue of an express statute or constitutional provision, *and did not exist at common law.*

*Id.* At 1175. As part of its rejection of *Smith*, the *Briano* court also noted the holding of the Ninth Circuit in *FDIC v. McSweeny*, 976 F. 2d 532 (9th Cir. 1992) in which the court also refused to adopt *Smith's* holding, stating that:

> The officers have argued persuasively that the *Smith* court's decision conflicts with settled California law on the questions of when a liability is created by law. See *Jackson v. Cedars-Sinai Medical Center*, 220 Cal. App. 3d 1315 (1990) (liability is not created by statute where legislature has simply given statutory recognition to the liability that existed before enactment of a statute)....Therefore we agree with the officers that the Smith holding is unlikely to be adopted by the California Supreme Court and thus is not controlling here.

*Id.* at 536 n.3. The Ninth Circuit therefore applied the four-year catchall statute to the state-law breach of fiduciary claims and this court is bound by that ruling. The four year statute shall be applied to such claims.

## PLAINTIFFS' MOTIONS IN LIMINE

1. The Plaintiffs' Motion in Limine # 1 to exclude the testimony of Glenn A. Sonnenberg is **GRANTED.** Mr. Sonnenberg has no personal knowledge as to the corporate practices of any of the Plaintiffs or Fujita, Japan. Mr. Sonnenberg's testimony as to general corporate practices would consume scarce time in this lengthy trial and the relevance, if any, of such testimony is outweighed by the undue delay involved therein. See F. R.Evid. 403 and the court's oral ruling on June 28, 2001.

2. The Plaintiffs' Motion in Limine # 2 to exclude the testimony of Joe Mericle as to general corporate accounting practices not specifically related to any parties hereto is

ORDER - 4



1  **GRANTED** per F.R.Evid. 403 and the court's oral ruling of June 28, 2001.

2  3. Plaintiffs' Motion in Limine # 3 to exclude evidence of Fujita accounting practices is **DENIED** per the court's oral ruling on June 28, 2001.

4  4. Plaintiffs' Motion in Limine # 4 to exclude certain testimony of Martin G. Laffer is **DENIED** per the court's oral ruling on June 28, 2001.

6  5. Plaintiffs' Motion in Limine # 5 to exclude testimony as to other loans is **DENIED** per the court's oral ruling of June 28, 2001.

8  6. Plaintiffs' Motion in Limine # 6 to exclude any reference to alleged spoliation of evidence is **GRANTED** per the court's oral ruling on June 28, 2001 and F.R. Evid. 403 and such matter is not to be raised before the jury without obtaining the court's prior permission if the issue becomes material.

12  7. Plaintiffs' Motion in Limine # 7 to exclude reference to purported approval of transactions by executives of Fujita, Japan is **GRANTED** to the extent of Judge Hupp's ruling on summary judgement of May 26, 2000, but shall not limit the introduction of such testimony for the purpose of the Defendants' claims of notice re: the statute of limitations.  See the court's oral ruling of June 28, 2001.

17  8. Plaintiffs' Motion in Limine # 8 to exclude any reference to the state of the Japanese economy is **DENIED** as stated in the court's oral ruling of June 29, 2001.

19  9. Plaintiffs' Motion in Limine # 9 to admit the videotape deposition testimony of Robert Brogan is **GRANTED** by reason of Mr. Brogan's serious medical condition, per the court's oral ruling of June 29, 2001. On or before July 9, 2001, Plaintiff shall designate those portions of the deposition it proposes to offer in blue and shall have such designations in the hands of opposing counsel by July 9, 2001.  The Defendants shall cross-designate, Wells in green and Kutsuna in yellow and have such cross-designations in the hands of counsel for the Plaintiffs by July 16, 2001. Objections to any designated testimony shall be delivered to the court and opposing counsel at 9 a.m. on July 23, 2001 and the court will rule on the objections on that date.

ORDER - 5

## DEFENDANTS' MOTIONS IN LIMINE

1. The Defendants' Motion in Limine to preclude evidence of Sheila Wells' separate property is **GRANTED** subject to revisiting the issue at later stages of the trial per the court's oral ruling of June 29, 2001.

2. The Defendants' Motion in Limine to exclude the testimony of Stanley Lamport as to the Rules of Professional Conduct is **GRANTED** per the court's oral ruling of June 29, 2001.

3. The Defendants' Motion in Limine to exclude testimony as to the content of the Rules of Professional Conduct is **GRANTED** per the court's oral ruling of June 29, 2001. If the court determines that the jury should be advised as to the content of such Rules, the court will instruct thereon.

4. The Defendant Kutsuna's Motion in Limine to preclude evidence of interest rate swaps is **DENIED** except as to any evidence of alleged misconduct in connection therewith per the court's ruling of June 29, 2001.

5. The Defendant Wells' Motion in Limine to exclude evidence from I.RS. interviews is **GRANTED** per the court's oral ruling of June 29, 2001.

6. The Defendant Wells Motion in Limine to exclude reference to Tax Court decision is **GRANTED in part and DENIED in part** per the court's oral ruling of June 29, 2001.

7. The Defendant Wells' Motion in Limine to exclude Plaintiffs' Exhibit # 585, the video-tape of Mr. Wells' apartment is **GRANTED.**

## OTHER RULINGS OF THE COURT

1. The court will meet with counsel on Monday, July 23, 2001 at 9 a.m. for final pre-trial rulings.

2. Phase I of the trial shall include the issues of whether the Defendants' transactions with the Plaintiffs were just and reasonable, damages, if any, and the statute of limitations issues. If any transaction(s) are found to be not just and reasonable, the RICO, interference with business opportunity, and fraud shall then be tried and

ORDER - 6

submitted to the jury, to be followed by punitive damage issues, if applicable.

3. Not later than the Friday preceding each Monday of trial, counsel for the Plaintiff shall inform counsel for the Defendants of the issues and witnesses, in order, to be presented the following week.

4. Counsel for the Plaintiff was directed to inform counsel for the Defendants not later than 5 p.m. on July 2, 2001 of the order of presentment of claims in Phase I of the trial.

5. Not later than Friday, July 6, 2001 at 5 p.m. the parties shall Fax to the court in both Palm Desert (760) 776-5813 and Spokane (509) 353-3138 and opposing counsel the following:

    a. A brief not to exceed 15 pages on the scope and permitted testimony on the "just and reasonable" issues.

    b. A brief not to exceed 10 pages on each party's recommended preliminary instructions to the jury as to prior rulings of the court and the issues before the jury, including applicable statute of limitations.

6. The parties shall serve and file and overnight mail to the court in Spokane on or before July 12, 2001 for delivery on or before July 13, 2001, their requested jury instructions, requested jury voir dire, and trial briefs.

7. Jury selection shall commence on Tuesday, July 24, 2001 at 9 a.m.

8. After jury selection, each side, Plaintiffs and Defendants, shall be allotted 60 hours of in-court time, whether in the presence of the jury or not, to complete Phase I. This time shall commence with opening statements and conclude with final arguments on all aspects of Phase I.

ORDER - 7

9. On July 23, 2001, counsel for each party shall furnish the court its list of trial witnesses including the name of the witness, city of residence, and nature and place of employment.

The Clerk of this court shall enter this Order and forward copies to counsel.

DATED this ___ day of July 2001.

*[signature]*

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8